UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR HERNANDEZ, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>DUTTON RANCH CORPORATION,<br><br>  Defendant. | Case No. 19-cv-00817-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION AND TO FACILITATE COLLECTIVE ACTION NOTICE**<br><br>Docket No. 30 |

Plaintiffs are Omar Hernandez Hernandez ("O. Hernandez") and Antonio Hernandez Santiago ("A. Hernandez"). In December 2018, they initiated this action – which includes wage-and-hour claims brought on Plaintiffs' own behalf and on the behalf of those similarly situated – in state court.[1] Defendant Dutton Ranch Corporation removed the case to federal court. The current operative complaint – namely, the second amended complaint ("SAC") – contains a FLSA claim. O. Hernandez is the only named plaintiff for this claim. Currently pending before the Court is O. Hernandez's motion for preliminary certification of the FLSA claim. O. Hernandez also asks that the Court facilitate a collective action notice. The Court held a hearing on the motion on March 12, 2020. This order memorializes the Court's oral rulings and provides additional analysis as necessary.

A.    <u>Preliminary Certification</u>

The FLSA provides in relevant part that

> [a]ny employer who violates the provisions of section 206 or section 207 of this title [minimum wage and overtime] shall be liable to the

---

[1] O. Hernandez has also asserted individual claims for employment discrimination.

> employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, under the FLSA, "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of L.A.*, 903 F.3d 1090, 1100 (9th Cir. 2018).

In *Campbell*, the Ninth Circuit provided guidance as to how lower courts should proceed with requests for collective action certification for purposes of the FLSA. Certification comes in two stages. The first stage is known as either preliminary or conditional certification and generally occurs at an early stage of litigation. Here, a "court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or other evidence"; "[t]he level of consideration is 'lenient' – . . . loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* at 1109. The consequence of preliminary certification is simply that a notice is issued to members of the putative collective action. *See id.* at 1101. As the Ninth Circuit has noted, unlike Rule 23 class certification, "[p]reliminary certification in the FLSA context does not 'produce a class with an independent legal status[] or join additional parties to the action'"; rather, "'[t]he sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* "[P]reliminary certification is 'neither necessary nor sufficient for the existence of a [collective] action.'" *Id.* (emphasis omitted).

In the instant case, O. Hernandez has met the lenient standard for preliminary certification. O. Hernandez has effectively alleged (and the declarations submitted in support of the motion reflect) that it was a common practice for Dutton to, *inter alia*, not compensate field workers[2] for

---

[2] In its opposition brief, Dutton contends that O. Hernandez cannot legitimately assert that there are common practices for all H-2A workers because H-2A workers cover not just field workers

2

expenses incurred in getting H-2A visas; to require field workers to get to work 10-15 minutes before start time to do prepatory work; to require field workers to keep on working 10-15 minutes after end time to clean up; to require field workers to pay for their tools; to require field workers to pay for transportation from the Dutton housing to the work sites, etc. The factual support for the allegations is O. Hernandez's personal observations (as reasonably reflected in his declaration) and the personal observations of at least one other ex-employee, *i.e.*, Mr. Osbaldo.[3]

To the extent Dutton argues that O. Hernandez needs more evidence to back up his allegations, the Court does not agree. *Campbell* indicates that a lenient standard is applied for preliminary certification; moreover, the focus is largely on the allegations in the pleadings. To the extent Dutton argues that there are too many individualized issues to warrant preliminary certification (*e.g.*, because there are different crews, different crews have different tasks which require the use of different tools, there are different work sites, there are different supervisors, etc.), this would not defeat preliminary certification. As the Ninth Circuit noted in *Campbell*, these kinds of distinctions largely become immaterial to certification if in fact there is a common policy, or at least a common practice. In other words, at this juncture, Dutton has not shown that there are so many different circumstances under which field workers worked that a common practice is not plausible. *Compare Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2008 U.S. Dist. LEXIS 106703, at *14 (N.D. Cal. Feb. 20, 2008) ("The variety of different circumstances

---

but other kinds of jobs as well (*e.g.*, tractor drivers, mechanics, and foremen). But in his papers, O. Hernandez indicates that his FLSA claim is in fact limited to field workers. *See* Reply at 4 (stating that "Plaintiff seeks to certify H-2A workers who worked under the job orders cited in Plaintiff's complaint, which explicitly cover only agricultural field labor; they do not cover mechanical work, tractor drivers, or managerial staff"); *see also* Mot. at 1 (asking "to represent current and former H-2A workers hired by Dutton Ranch Corp. . . . to harvest grapes and apples" from October 12, 2016, to the present"); Weinberg Decl., Ex. 3 (proposed notice) (defining the collective as follows: "FARMWORKERS WHO WORKED FOR DUTTON RANCH, CORP. IN CALIFORNIA BETWEEN [CLAIMS ADMINISTRATOR TO INSERT DATE THREE YEARS AND FIVE MONTHS PRIOR TO START OF NOTICE PERIOD] WITH H-2A WORK VISAS").

[3] In its opposition brief, Dutton objects in part to the testimony of O. Hernandez and Mr. Osbaldo. The main objection is that the declarants do not have a sufficient basis to opine about what happened with other Dutton employees. *See* Opp'n at 22-24. This objection is overruled. It can reasonably be inferred from the declarations that O. Hernandez and Mr. Osbaldo's testimony about other employees is based on their own personal observations.

under which the declarants were allegedly required to work unpaid overtime also weighs against certification.").

Accordingly, the Court grants O. Hernandez's motion for preliminary certification. Because preliminary certification is warranted, notice to the putative collective is proper.

B. <u>Notice</u>

The parties have not yet met and conferred on how notice should be effectuated. At the hearing, the Court provided guidance to the parties, as indicated below.

- The notice shall be sent by a third-party administrator. (Both parties agreed to such.) The parties shall meet and confer to select the third-party administrator. Dutton has agreed to pay for the cost of the third-party administrator (with respect to notice).

- The parties shall meet and confer, along with the third-party administrator, to determine the best means to effect notice. Direct mail shall be one form of notice, but the administrator should consider other additional means of notice, including via cell phone (*e.g.*, text), through an application (*e.g.*, WhatsApp), and through social media (*e.g.*, Facebook) – particularly because mail notice may not be effective for all members of the putative collective, some of whom are in rural Mexico. *Cf. Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035 (9th Cir. 2018) (in the class action context, holding that the notice "fell short of 'the best notice that is practicable under the circumstances'" because, "despite concerns that former employees in particular might be difficult to reach by mail, the settlement provided no other means of reaching former employees"; adding that, "when at least 12% of the mailed notices were ultimately determined to be undeliverable[,] . . . still no additional means of notice reasonably calculated to reach those class members was attempted"). At this juncture, physically posting the notice at Dutton facilities (*e.g.*, field locations or bathrooms) does not appear to be necessary unless other means of notice are not effective.

- The notice shall implicate a three-year statute of limitations rather than a two-year

4

statute of limitations. It is difficult to prejudge willfulness at this early stage in the litigation; moreover, as a practical matter, it is more efficient to issue a broader notice and then scale back, if necessary. This ruling does not preclude Dutton from arguing that any collective should in fact be subject to a two-year statute of limitations.

- Putative collective members shall be given 4 months to opt in (particularly because some members are in Mexico and there may be more than one round of notice if notice proves ineffective).
- The notice shall not include a header referring to the Court but the text of the notice may indicate that the notice is being issued as part of a case pending before this Court.
- The notice shall include contact information for both Plaintiffs' counsel and Dutton's counsel. There must be clear language explaining, *e.g.*, that Plaintiffs' counsel seek to represent workers and defense counsel represents Dutton.
- Dutton asks that the notice include a statement as to what its litigation position is. This is a fair request, although the Court acknowledges that there is some language in the notice indicating that Dutton denies the claims being asserted against it. The parties should meet and confer on this issue as they should be able to reach agreement.
- Dutton argues that the notice contains confusing language about what happens if a worker does not join the lawsuit. O. Hernandez notes that the notice includes a section on "What happens if I decide not to join this lawsuit?" The parties should meet and confer on this issue as they should be able to reach agreement.
- The notice need not contain language informing members that costs could be assessed against them if they do not prevail. Plaintiffs' counsel has stated on the record that they will cover taxable costs. The prospect of nontaxable costs is not sufficiently substantial to warrant a warning.
- The notice need not contain detailed language informing a member about his or her

obligations as a litigant (*e.g.*, to be subject to a deposition); however, the notice should contain some language notifying a member that he or she does have an obligation to participate in the case and provide relevant information.  The parties shall meet and confer on this issue as they should be able to reach agreement.

**The parties shall meet and confer as required above and shall submit a joint proposed notice by March 26, 2020.**  If the parties are unable to agree on any specific issue and/or language, then, in a joint submission, the parties shall identify what the dispute is and then each party shall provide its position on the issue and/or proposed language.

This order disposes of Docket No. 30.

**IT IS SO ORDERED**.

Dated: March 17, 2020

_____
EDWARD M. CHEN
United States District Judge