UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR HERNANDEZ, *et al.* <br> Plaintiff, <br> v. <br> DUTTON RANCH CORPORATION, <br> Defendant. | Case No. 19-cv-00817-EMC <br><br> **ORDER RE COLLECTIVE ACTION NOTICE** <br><br> Docket No. 41 |

Previously, the Court granted Plaintiffs' motion for preliminary certification with respect to O. Hernandez's FLSA claim and ordered the parties to meet and confer regarding how notice to the collective should be effectuated. *See* Docket No. 38 (order). The parties have now reported back on their meet and confer efforts.

A.  Selection of Third-Party Administrator

The parties dispute who should be selected the third-party administrator (*i.e.*, the administrator to send the notice to the collective).

As an initial matter, the Court notes that the parties' meet and confer regarding selection of the third-party administrator was far from ideal. The parties did not comply with the Court's order that they meet and confer *along with* the third-party administrator. *See* Docket No. 38 (Order at 4). Instead of the parties meeting *together* with a third-party administrator, each party met separately with a different third-party administrator and then reported back to the opposing party. Had the parties followed the Court's order, then they may have been able to resolve their dispute.

At this juncture, however, the Court shall not order the parties to comply with its prior order as that would simply slow down the process. The Court hereby selects CPT Group as the

third-party administrator. Plaintiffs endorse the use of CPT Group. Dutton previously identified CPT Group as a qualified administrator, and nothing in its portion of the joint submission puts CPT Group's qualifications into question.

B.  Means of Notice

The parties also have a dispute regarding the means of notice – in particular, how notice should be made on those individuals who will be residing in Mexico at the time notice will be sent.

Plaintiffs argue that notice should be made on these individuals via certified mail with return receipt, *see* Green Decl. ¶¶ 6-7; in addition, CPT Group would place live calls to these individuals

> to determine how best to send them the notice (i.e. via text message, email, WhatsApp, or mail). For those who choose text message, email or WhatsApp, CPT will send them a link to the dedicated case website that will allow them to access the full notice and file an opt in form electronically.

Green Decl. ¶ 9. Plaintiffs emphasize that CPT Group recommended this dual means of notice because of "the uncertainty of the mail system in Mexico." Green Decl. ¶ 9; *see also* Green Decl. ¶ 7 (testifying that, "[i]n CPT's experience, delivering notice in Mexico is challenging" because the "mail system is slow, . . . and can take weeks or even months for mail to reach its intended recipient"). Plaintiffs also note that O. Hernandez himself has never communicated with Dutton "via the Mexican national mail system" but rather has had communications by telephone and email instead. O. Hernandez Decl. ¶¶ 4-5, 7.

In response, Dutton argues that notice should be provided via certified mail and *only if* certified mailing is established ineffective should there by a live phone call as a follow up. *See* Jt. Sub. at 7.

The Court orders the dual means of notice recommended by CPT Group. CPT Group has explained why notice beyond certified mail is necessary. If, *e.g.*, it can take months for mail to even reach its intended recipient, a collective member may be barred from joining the collective. *See* Prop. Not. at 2 (noting that a collective member has 120 days to join the lawsuit). Dutton provides no evidence to counter CPT Group's declaration.

The Court rejects Dutton's suggestion that a phone call would constitute an invasion of privacy and expose it to TCPA liability. The fact that Dutton agrees a live phone call could be necessary (*i.e.*, under its own proposal) runs counter to these arguments. Moreover, so long as CPT Group makes a call at a reasonable time and otherwise conducts itself appropriately, there should be no invasion-of-privacy concerns, and Dutton has provided no authority to suggest that it could be held liable under the TCPA when the Court is ordering phone contact to be made. The fact that Dutton communicates with its workers by phone, *see, e.g.*, O. Hernandez Decl. ¶ 4 (testifying that he and others had phone calls with Dutton when interviewed), also suggests that communication by phone may well be the best means to contact collective members. If CPT Group encounters problems with communicating by phone, it should promptly inform the parties and the Court so that the matter may be addressed.

To the extent Dutton objects to the additional cost, the Court acknowledges that there will be some additional cost because of the additional notice. However, Dutton claims that there should be only 40-50 individuals who will be residing in Mexico at the time of notice; therefore, the additional cost should not be excessive.

C.   Content of Notice

The parties have largely reached agreement on the content of the notice. There are, however, two specific disputes. The Court resolves the disputes as follows.

First, on page 3 of the notice (in the section titled "How do I join this lawsuit"), the Court adopts Dutton's proposed language (although the name of the administrator should be CPT Group). Dutton's proposed language is consistent with page 4 of the notice (*i.e.*, "If you have questions about this Notice, the Consent to Join form, or the Lawsuit generally, you can contact [NOTICE ADMINSITRATOR]").

Second, on the Consent to Join form, the Court orders that the form ask the collective member to provide a phone number. *In addition*, the form should state that, if there are different means by which the members prefers to receive communications about the lawsuit (*e.g.*, email, text message, WhatsApp), he or she should specify the means and provide the necessary contact information.

3

D.	Status Update

By May 5, 2020, the parties shall provide a status update confirming CPT Group as the administrator and detailing the timeline for notice to be issued, consent forms to be returned, etc.

This order disposes of Docket No. 41.

**IT IS SO ORDERED**.

Dated: April 21, 2020

_____
EDWARD M. CHEN
United States District Judge