UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DUTTON RANCH CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-00817-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO RETAIN CONFIDENTIALITY AND MOTION FOR AMENDED PROTECTIVE ORDER**<br><br>Docket No. 47 |

Currently pending before the Court is Plaintiffs' motion to retain confidentiality and for an amended protective order. Having reviewed the parties' submissions, the Court finds the matter suitable for resolution without oral argument and therefore **VACATES** the hearing on the motion. The motion for relief is **GRANTED** in its entirety.

With respect to the confidentiality designations, Plaintiffs' designations were timely made. Although the Court would have preferred that the parties bring the dispute regarding the designations to the Court's attention via a joint letter, that is not a reason to deny Plaintiffs any relief, particularly as Plaintiffs did not act in bad faith given the terms of the stipulated protective order. Moreover, Plaintiffs' motion raises a serious issue. With regards to the merits, there is good cause to keep the information at issue confidential; furthermore, Defendants will not suffer any prejudice from keeping the information confidential as they can still assert the defense that O. Hernandez had abandoned his job to be with his wife who had recently moved to the area. *See generally* Fed. R. Civ. P. 26(c) (providing that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [*inter alia*] (A) forbidding the disclosure or discovery," "(B) specifying

terms . . . for the disclosure or discovery," and "(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters"); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (noting that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (listing factors to consider in evaluating whether there is good cause under Rule 26(c)).

As for the request for an amended protective order, Plaintiffs ask that the Court "prohibit, with respect to Plaintiffs, their family members, the putative PAGA and FLSA collective members, and witnesses, discovery related to immigration status with the exception of H-2A related discovery, includ[ing] [but] not limited to, whether or not a worker worked with Dutton Ranch pursuant to a H-2A visa and whether or not expenses were incurred in obtaining that visa." Docket No. 48 (Prop. Order at 1). In response, Defendants argue that, because Plaintiffs have an "expansive view of what constitutes discovery into 'immigration status,'" Opp'n at 10, the Court should not grant any relief and instead simply allow for redaction of discovery where necessary. The problem with this approach is twofold. First, Defendants have not identified how immigration status is relevant, except for the limited way identified by Plaintiffs. Second, Defendants' approach fails to take into account the chilling effect of allowing the discovery. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004). The better approach is to allow Defendants, if necessary, to petition the Court for relief if they believe a line of inquiry is relevant even though related to immigration.

The Court shall forthwith stamp the proposed order submitted by Plaintiffs. *See* Docket No. 48.

This order disposes of Docket No. 47.

**IT IS SO ORDERED**.

Dated: July 16, 2020

_____
EDWARD M. CHEN
United States District Judge