UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OMAR HERNANDEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DUTTON RANCH CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00817-EMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 66 |

　　The two named plaintiffs, who are migrant farmworkers who harvested grapes and apples for Dutton Ranch, sued Dutton individually and in a representative capacity for, among other claims, wage-and-hour violations, including a claim under California's Private Attorneys General Act ("PAGA").[1] They dispute Dutton's refusal to produce the PAGA group's contact information and pay records: (1) the plaintiffs ask for production pursuant to a protective order, and (2) Dutton wants the court to send a *Belaire* notice (informing them of the lawsuit and providing an opportunity to opt out of having the plaintiffs' counsel contact them).[2] *See Austin v. Foodliner, Inc.*, No. 16-cv-07185-HSG (DMR), 2018 WL 1168694, at *1 (N.D. Cal. Mar. 6, 2018) (citing

---

[1] Third Am. Compl. ("TAC") – ECF No. 51 at 15–41 (¶¶ 74–245). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Discovery Letter – ECF No. 66 at 1–5.

ORDER – No. 19-cv-00817-EMC (LB)

*Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557–58 (2007)). The court can decide the issue without oral argument, Civ. L. R. 7-1(b), and orders production under a protective order.

Courts in this district routinely allow discovery of the contact information sought by the plaintiffs without requiring a *Belaire* notice. *See, e.g., id.* at *2 (in a wage-and-hour and PAGA claim, "[t]he predominant practice among courts in the Northern District of California is to allow pre-certification discovery of putative members' confidential contact information subject to a protective order, without requiring a *Belaire-West* notice") (collecting cases) (cleaned up); *Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR (LB), 2014 WL 985829, at *3–4 (N.D. Cal. Mar. 7, 2014) (collecting cases). The court orders production of the contact information by Dutton Ranch pursuant to the parties' protective order.

The next issue is whether Dutton Ranch must produce employee pay records and information about management staff. It must do so. The plaintiffs' requests are relevant to their wage-and-hour claims.[3] *Cf. Bell*, 2014 WL 985829 at *2, 4 (ordering production of information relating to the following: (1) "payroll, shift assignment, work hour, clock-in/-out records, and wage statements for class members'" and (2) "[a]ll policies, procedures, and guidelines applicable to putative class members").

That said, the plaintiffs' counsel must inform the employees that they need not talk to counsel and, if they elect not to talk to counsel, the plaintiffs' counsel will terminate the contact and not contact them again. *Austin*, 2018 WL 1168694 at *3 (ordering the same).

The plaintiffs ask for production in seven days. If that is not a reasonable time period for Dutton, then within seven days, the parties must confer and propose a schedule to the court.

**IT IS SO ORDERED.**

Dated: August 21, 2020

LAUREL BEELER
United States Magistrate Judge

---

[3] Plaintiffs' Discovery Requests, Ex. A to Discovery Letter – ECF No. 66-1 at 2–15.

ORDER – No. 19-cv-00817-EMC             2